## NATHAN HUBBLE *versus* ETHEL BURCH
### January 13, 1838.

P. R. Adams and R. McCleland, attorneys for plaintiff in certiorari.

A. Felch, attorney for defendant in certiorari.

[INDORSEMENT]

Ethel Burch Deft.
in Error
vs—
Nathan Hubble
Plf. in Error.

[OPINION]

Ethel Burch Deft.
in Error.

v—

Nathan Hubble Plf.
in Error

Sup. Court, First Circuit Jan^y Tr.
1838.

Certiorari to a Justice of the Peace.

This cause is brought into this court upon a writ of certiorari to a Justice of the Peace.

By the return of the justice it appears that the Deft. in Error, on the 6th day of Oct. 1832, before P. P. Ferry a justice of the peace, recovered a judgment against one Couture for about $74 which judg^t he afterwards assigned to H. B. Hopkins—that on the first day of March 1834 an execution was prayed out on the judg^t and delivered to John Mulholland, (a deputy of the Plf. in Error Hubble, who was then sheriff of the County of Munroe), to levy serve & return—That on the 21st day of April then next, Mulholland arrested Couture, and proceeded with him to the common jail of the County—that Couture with a view to obtain the benefit of the prison limits, gave a bond, to *H. B. Hopkins,* conditioned that P. P. Ferry should not depart without the prison limits &c. and that upon the delivery of that bond to the keeper of the prison, Mulholland permitted Couture to go at large—

That afterwards on the 28th day of June 1834 a suit was instituted by Burch against Hubble, before Justice Curtis—that on the return day of the writ, the Plf. declared against Hubble in debt, upon the escape of Couture, in one count for a voluntary escape & in another for a negligent escape, suffered by Mulholland—that to this declaration the Plf. in Error, plead the general issue, and specially also that Couture had been committed to prison on the Plf's execution & having

given a limit bond pursuant to the Statute, was admitted to the benefit of the prison limits—that issue was joined and the cause continued from time to time till the 4th day of Aug. 1834 when it was tried by a jury, a verdict for $69.21 Dam[s] returned for the Plf. and judgment rendered on the verdict.

It further appears that this suit was commenced in the name of the Plf. Burch, by A. Felch Esq. an Attorney duly admitted to practice law, in the courts of this state—that said Felch had appeared & answered to the suit, without objection being made by the Deft. until the day of the final trial, when the Deft. objected to Felch's being permitted to prosecute the suit farther without proof of authority from the Plf.—the objection was overruled by the justice—on the trial of the cause the Deft. Hubble, to prove the issue on his part, offered as witnesses, the said Couture & Mulholland, they were objected to by the Plf. on the ground of interest & rejected by the Justice.

To these proceedings the Plf. in Error, takes exceptions— he contends—First—that the justice committed error in permitting Felch to appear & prosecute the suit without express authority from the Plf. Burch. But without deciding that question, it is sufficient to say that this case is relieved from all difficulty upon that point, by the fact, that Felch had been permitted to appear for the Plf. many times, without objection, and we think the magistrate correctly decided that the objection, if tenable under any circumstances, came too late in this case.

Another objection is that no issue was made, which the jury could properly try—

Technical nicety or legal precision is not required in Justice's Courts, when this court can reasonably intend that the merits have been fairly tried, we will not test by technical rules, the formality of the pleadings.

It would seem, however, in this case, the pleadings were sufficiently formal. Whenever one of the parties concludes to the country, he refers the trial to the jury & the issue is joined & ready for trial, by the adverse party's adding the *similiter*, and the similiter being no part of the pleadings, but a mere matter of form, it would seem that its omission should be aided by verdict.

The Justice's return here shews that the general issue was plead & also a special plea in bar, and upon those pleadings issue was joined—we feel bound to presume from this return that to the general issue tendered the Plf. added the similiter & traversed the special plea in bar, making a material & proper issue for the jury.

The third exception taken, is, that, agreeably to the declaratory act concerning the escape of prisoners in certain cases, no judg$^t$ could be rendered against the Deft. in this case—that it should appear from the record that the jury *expressly* found that the debtor escaped with the consent, or through the negligence of the Deft. or that he might have been retaken & that the Deft. neglected to make immediate pursuit. Had the debtor been in custody upon mesne process, the objection would be well founded—but the statute obviously creates a distinction, between escapes of debtors arrested upon mesne process & those taken in execution.

By a proviso to the act just referred to, any sheriff or other officer, who shall have taken the body of any debtor in *execution*, & shall wilfully or negligently suffer such debtor to escape, is made liable to the execution creditor, in an action of debt, for the amount of the execution—this case is clearly within the contemplation of the proviso—and a general verdict of the jury sufficient.

Again it is said the Justice erred in rejecting the witnesses, Mulholland & Couture, offered by the Deft.—We think

Mulholland was properly rejected, being directly responsible to his principal, Hubble, for the amount of any judg$^t$ that might be recovered against him for the escape of Couture—Since it is apparent from the return that Mulholland failed to comply with the requisitions of the Statute in the service of the execution—he neither committed the ex$^n$ debtor to the keeper of the prison nor did he take a proper limit bond, before discharging him from custody—But the rejection of the debtor, Couture was manifest error, if interested at all in the event of this suit, his interest was against the party calling him                    he was therefore a competent witness and should have been permitted to testify—

The judg$^t$ of the justice must be reversed therefore, and the Deft. Hubble recover his costs.